IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHERINE LIGHT<br><br>　　　v.<br><br>HOTLINE TELECOMMUNICATIONS<br>and SEUNG JO KWAK | No. 02-CV-4357<br><br>Civil Action – Law |

**ANSWER AND AFFIRMATIVE DEFENSES
OF DEFENDANT, SEUNG JO KWAK**

　　　The Defendant, Seung Jo Kwak, by and through his attorneys, Forry, Ullman, Ullman & Forry, P.C., hereby answers the Plaintiff's Complaint and sets forth Affirmative defenses thereto as follows:

　　　1.　　　Admitted based upon information and belief

　　　2.　　　Denied as stated.  The Defendant, Seung Jo Kwak, resides at 14005 S. Budlong Avenue, #A2, Gardena, CA 90247.

　　　3.　　　Denied.  This paragraph of the Plaintiff's Complaint is directed towards a Defendant other than the Answering Defendant.  Accordingly, a responsive pleading is not required of the Answering Defendant.

　　　4.　　　Denied.  It is specifically that jurisdiction in this matter is properly before this Honorable Court for the reasons more specifically set forth and outlined in the Answering Defendant's Motion to Transfer and/or Remand, and Memorandum in support thereof, both of which are incorporated herein by reference as if fully set forth at length.  By way of further answer, this paragraph of the Plaintiff's Complaint contains conclusions of law to which no responsive pleading is required under the applicable Rules of Civil Procedure.

5. Admitted in part and denied in part. Paragraphs 1 through 3 of this Answer are incorporated herein by reference as if fully set forth at length.

6. Admitted based upon information and belief.

## COUNT I – NEGLIGENCE
## KATHERINE LIGHT v. SEUNG JO SWAK

7. Admitted in part and denied in part. It is admitted that the Answering Defendant's van was involved in an accident with a school bus on or about February 10, 1997. After a reasonable investigation, the Answering Defendant is without sufficient information to either admit or deny the remaining allegations of this paragraph of the Plaintiff's Complaint. Accordingly, these allegations are deemed denied and the Answering Defendant will insist upon strict proof of the same at the time of trial.

8. Denied. It is specifically denied that the Answering Defendant was negligent and/or careless in the operation of his vehicle, or that the Answering Defendant operated his vehicle in the following ways:

  a. failed to maintain proper and adequate control over said motor vehicle;

  b. failed to make proper observations for others using the public highways;

  c. disregarded the rights, safety, point and position of the Plaintiff, and other vehicles;

  d. proceeded in a direction that presented a risk of farm to others;

  e. failed to be attentive to the condition of traffic at the point aforesaid;

   f.  failed to keep a proper lookout;

   g.  operated a motor vehicle at an excessive rate of speed under the circumstances;

   h.  failed to take evasive action to avoid the accident;

   i.  failed to exercise the continuing duty to observe traffic around her and keep her vehicle under such control that she would not maneuver her vehicle so as to cause an obstruction or hazard to other traffic;

   j.  operated the vehicle in such a manner as to cause a collision;

   k.  failed to exercise due care under the circumstances;

   l.  was otherwise careless and negligent in the operation of the motor vehicle she was driving.

  9.  Denied. After a reasonable investigation, the Answering Defendant is without sufficient information to either admit or deny the allegations of this paragraph of the Plaintiff's Complaint. Accordingly, these allegations are deemed denied and the Answering Defendant will insist upon strict proof of the same at the time of trial.

  10.  Denied. After a reasonable investigation, the Answering Defendant is without sufficient information to either admit or deny the allegations of this paragraph of the Plaintiff's Complaint. Accordingly, these allegations are deemed denied and the Answering Defendant will insist upon strict proof of the same at the time of trial. By way of further answer, it is specifically denied that any alleged injuries suffered by the Plaintiff, such injuries being specifically denied, were as a result of any conduct of the Answering Defendant. By way of still further answer, it is specifically denied that the Answering Defendant was negligent and careless in the operation of his vehicle at the time of the accident complained of.

11.     Denied.  After a reasonable investigation, the Answering Defendant is without sufficient information to either admit or deny the allegations of this paragraph of the Plaintiff's Complaint.  Accordingly, these allegations are deemed denied and the Answering Defendant will insist upon strict proof of the same at the time of trial.

12.     Paragraph 10 of this Answer is incorporated herein by reference as if fully set forth at length.

13.     Paragraph 10 of this Answer is incorporated herein by reference as if fully set forth at length.

WHEREFORE, the Answering Defendant, Seung Jo Kwak, respectfully requests this Honorable Court to enter judgment in his favor and against the Plaintiff, together with an award of costs of suit, and grant him such other relief as this Court deems appropriate.

## COUNT II – NEGLIENCE
## KATHERINE LIGHT v. HOTLINE COMMUNICATIONS

14 – 20.     Denied.  These paragraphs of the Plaintiff's Complaint are directed towards a Defendant other than the Answering Defendant.  Accordingly, a responsive pleading is not required of the Answering Defendant.

WHEREFORE, the Answering Defendant, Seung Jo Kwak, respectfully requests this Honorable Court to enter judgment in his favor and against the Plaintiff, together with an award of costs of suit, and grant him such other relief as this Court deems appropriate.

## AFFIRMATIVE DEFENSES

21.     The Answering Defendant asserts all defenses available to him under the Motor

Vehicle Financial Responsibility Law, 75 Pa. CSA §1701, *et seq.* ("MVFRL"), and avers that the Plaintiff's remedies may be limited and/or barred under the provisions of the MVFRL.

22. The claims of the Plaintiff for products, services, and accommodations for: (a) professional medical treatment; (b) emergency services; (c) medical and vocational rehabilitation services; (d) work income losses, past, present or future; and (e) any and all other economic losses are not recoverable from the Answering Defendant under the provisions of the MVFRL.

23. Moreover, pursuant to 75 Pa. CS §1701, *et seq.*, if the Plaintiff selected the limited tort option when applying for insurance that was in full force and effect at the time of the accident or was the owner of an uninsured vehicle, the Plaintiff's claims for any non-economic loss may be barred.

24. The Answering Defendant's actions and/or inactions were not the proximate cause of the Plaintiff's alleged injuries and/or damages, the existence of which the Answering Defendant specifically denies.

25. If the Plaintiff was injured or damaged as alleged, such injuries/damages being specifically denied, those injuries/damages were caused by the negligence, carelessness, and recklessness of persons and/or entities other than the Answering Defendant, over whom the Answering Defendant had no control, right of control, or legal responsibility.

26. The Plaintiff's cause of action may be barred or otherwise limited by the doctrine of superseding and/or intervening cause.

27. The Plaintiff's cause of action may be barred by the sudden emergency doctrine and/or assured clear distance ahead rule.

28.   The Plaintiff's cause of action may be barred by the Statute of Limitations.

29.   The Plaintiff's cause of action may be barred by the doctrine of accord and satisfaction, payment, and/or release.

30.   In the event that the Plaintiff requests damages for delay pursuant to the Pennsylvania Rule of Civil Procedure 238, the Answering Defendant challenges the applicability and constitutionality of said Rule and places it at issue.

31.   It is believed, and therefore averred, that the injuries and damages of the Plaintiff, the existence of the same being specifically denied, were caused solely as a result of the conduct of the Plaintiff in failing to remain in her seat while as a passenger in the bus upon which she was riding at the time of the accident in question, and in being otherwise careless and negligent while riding as a passenger upon the aforementioned bus.

32.   The above-described conduct of the Plaintiff constituted an assumption of the risk, and thus serves to bar recovery for any alleged injuries and damages of the Plaintiff, the existence of the same being specifically denied.

33.   The above-described conduct of the Plaintiff constituted contributory negligence on the part of the Plaintiff, and thus serves to limit and/or reduce the recovery for any alleged injuries and damages of the Plaintiff, the existence of the same being specifically denied.

WHEREFORE, the Answering Defendant, Seung Jo Kwak, respectfully requests this

Honorable Court to enter judgment in his favor and against the Plaintiff, together with an award of costs of suit, and grant him such other relief as this Court deems appropriate.

                FORRY, ULLMAN, ULLMAN & FORRY, P.C.

By  _____
    ALAN S. BATTISTI
    Attorney for Defendant, Seung Jo Kwak
    I.D. #59093

    3400 Bath Pike
    Suite 312 Park Plaza Professional Center
    Bethlehem, Pa  18017
    (610) 332-3400

Dated:  August       , 2002.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHERINE LIGHT<br><br>    v.<br><br>HOTLINE TELECOMMUNICATIONS<br>and SEUNG JO KWAK | No. 02-CV-4357<br><br>Civil Action – Law |

### CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the Answer and Affirmative Defenses on Behalf of the Defendant, Seung Jo Kwak, were served upon counsel and parties this date via U.S. first class mail, postage prepaid, addressed as follows:

Peter N. Munsing, Esq.
Attorney at Law
939 Penn Avenue
Wyomissing, PA  19610

Hotline Telecommunications
528 Bethany Circle
Claremont, CA  91711

FORRY, ULLMAN, ULLMAN & FORRY, P.C.

By  _____
ALAN S. BATTISTI
Attorney for Defendant, Seung Jo Swak

3400 Bath Pike
Suite 312 Park Plaza Professional Center
Bethlehem, Pa  18017
(610) 332-3400

Dated:  August     , 2002.